THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:07-cr-00015-MR-11

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **TOD CHRISTOPHER TAVERNIA.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for sentence credit and for correction of the Presentence Report [Doc. 229].

In his motion, the Defendant claims that the Bureau of Prisons has refused to give him credit for time served in state custody in contravention of the express language of his Judgment. [Doc. 229]. A claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself. United States v. Johnson, 317 F. App'x 336, 337 n.2 (4th Cir. 2009). Such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. Id.; see also United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); 28 U.S.C. § 2241(a). Because the Defendant is incarcerated in a prison which is outside the Western District

of North Carolina, this Court does not have jurisdiction to entertain his claim.

The Defendant also challenges certain findings made in his Presentence Report (PSR), namely that the Defendant had not obtained a G.E.D. and that he had previously been charged with escape. The Defendant contends that these erroneous findings have caused him to be unfairly classified as a medium security inmate.

Rule 32(f) of the Federal Rules of Criminal Procedure provides that "the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the [presentence] report" within fourteen days of receiving the PSR. Fed. R. Crim. P. 32(f)(1). A district court is without jurisdiction to correct errors in a presentence report once a judgment has been entered. See United States v. Boardley, 61 F. App'x 904, 905 (4th Cir. 2003) (per curiam); United States v. Jarrett, Nos. 89-6705, 89-7068, 1990 WL 64694, at *1 (4th Cir. Apr. 20, 1990). "Furthermore, when a sentencing court has given a defendant a full opportunity to dispute factual inaccuracies in a PSR and he fails to do so, 'the court does not deny the defendant due process in imposing the sentence.'" United States v.

Newton, No. 1:08CR332-1, 2013 5205768, at *1 (M.D.N.C. Sept. 13, 2013) (quoting United States v. Kelly, 687 F.2d 1217, 1221 (8th Cir. 1982)).

Here, the Defendant was given the opportunity at sentencing to dispute these alleged factual inaccuracies in the PSR, and he failed to do so. The Court is now without jurisdiction to correct such purported errors.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion [Doc. 229] is **DENIED**.

**IT IS SO ORDERED.**  Signed: May 15, 2014

Martin Reidinger
United States District Judge